*T. H.* and *W. B. Lewis*, for the defendant.

---

## Arsan Lebleu *v.* John Rutherford and others.

Where in an action on a lost note, an inaccuracy in the description of it in the advertisement, is proved to have been caused by information given to the plaintiff, who could neither read nor write, by one of the defendants, the latter cannot take advantage of the error.

Where the receipt for money paid bears no imputation, the payment must be imputed to a debt which is due, rather than to one not yet payable. C. C. 2162.

Appeal from the District Court of Lafayette, *King*, J.

*Martin*, for the plaintiff.

*Crow, T. H.* and *W. B. Lewis*, for the appellants.

Morphy, J. This suit is brought upon a lost note for $2673, bearing date the 18th of November, 1839, signed by John

Rutherford for himself, and by Daniel O'Bryan for the commercial firm of Cade & O'Bryan, whereby they bound themselves, *in solido,* to pay said sum to the order of the plaintiff, forty days after date, with ten per cent interest per annum thereon, from maturity until paid. Rutherford, after a general denial, admitted that he did execute a note in favor of plaintiff, but averred that he had since paid it, but that it had never been delivered up to him. R. Cade and D. O'Bryan pleaded the general issue. Rutherford died insolvent during the pendency of the suit. There was a judgment below against the other two defendants, who appealed.

The note sued on, appears to have been lost about the last of March, 1842, and was advertised on the 25th of April following, in the *Impartial,* a newspaper published at Vermillionville. There is an error in the description of the note as advertised, which has given rise to much discussion, but which, in our opinion, is satisfactorily accounted for. It was described in the advertisement as an endorsed note, while the evidence shows that it was signed by Rutherford and by Cade & O'Bryan, to the order of the plaintiff, and commenced "*I promise,*" &c. It appears that as soon as he discovered the loss of this note, the plaintiff, who is an illiterate man, and can neither write nor read, was advised to apply to John Greig, to write out an advertisement for him. Dr. Robert E. Smith testifies, that he was present when Lebleu called upon Greig; that when asked by the latter whether the note was endorsed, or signed *in solido,* Lebleu did not seem to understand the meaning of the question, when Cade, one of the defendants, who was sitting by at the time, observed, "that it was an endorsed note; that O'Bryan had, on a former occasion, signed a note jointly with the maker, and that he (Cade) had advised him thereafter to endorse notes, and not to execute them jointly." If there was error then in the advertisement of this note, the defendants can surely take no advantage of it, when it is shown that they were instrumental in causing such error to be made. The form of the note is fully proved by Piton, who saw it executed by the defendants, and by Neveu, another witness, who saw it in the possession of the plaintiff. O'Bryan, moreover, acknowledges,

in his answers to interrogatories put to him by the plaintiff, that it was the only note he or his partner had ever signed in conjunction with Rutherford, made payable to Arsan Lebleu.

The loss of the note is established by the oath of the plaintiff, and the circumstances attending it are proved by several witnesses. The defendants have, in our opinion, entirely failed in the attempt to prove that payments had been made on this note, and that it was with a view to conceal credits written on the back of it, that the plaintiff pretended to have lost it. Two unimpeached witnesses testify, that shortly before the advertisement they saw this note in the possession of the plaintiff, and that there were no credits endorsed on it. Piton, one of the witnesses, adds, that about the 1st of April, 1842, Rutherford told him that he intended to visit Captain Green, and endeavor to sell him beeves, and that if he succeeded he would pay the note due to plaintiff. This testimony is corroborated by that of Alexander Hebert, another witness, who states that in April, or May, 1842, Rutherford told him, that if plaintiff would give him time he would pay him the note advertised; but that its payment must not be pressed, intimating that if plaintiff pressed him, he (Rutherford) had him in his power. This witness adds that, in 1843, Rutherford came to his house, and stated in conversation, that he now had Arson Lebleu in his power in regard to the lost note, as he had a witness named Wilson, by whom he could prove that the note had been paid. On the witness asking how that was, Rutherford replied, that the plaintiff was spending the night at his house upon a certain occasion, when he had instructed Wilson to be attentive to the conversation, and prepare a memorandum in writing of it; that he (Rutherford) went on saying to Lebleu, that he had made payments to him of different sums at different times, to all which Lebleu would answer, yes; that witness asked Rutherford how he had formerly spoken of the note as still due, and that Rutherford answered that he had intended to take his time, and now he had caught the old fox; that he owed Lebleu other notes; and that he had resorted to this device because Cade & O'Bryan were the securities upon the lost note.

William Wilson, the person alluded to by Hebert, is the only

witness offered to prove any payments on the notes sued on. Even were we not to doubt the veracity of this witness, his testimony would not avail the defendants. He speaks of two payments, one of $1050, and one $600, as having been acknowledged by Lebleu to have been made in December, 1839. Admitting this to be true, these payments could not be imputed to the note in suit, as it had not yet become due. It had forty days to run from the 18th of November, 1839, and was entitled to three days of grace, which made it exigible only on the 1st of January, 1840. These payments, and the others mentioned by the witness, must be presumed to have been made on other debts, as the evidence shows that Rutherford was indebted to the plaintiff, independently of this note, for other droves of beeves, he had previously sold to him. Civil Code, art. 2162.

*Judgment affirmed.*